UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON SECREASE, | No. 2:13-cv-1565 DAD SCR P |
| Petitioner, | |
| v. | ORDER |
| RANDY GROUNDS, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. With his petition, petitioner filed a motion to stay these proceedings to permit him to exhaust state remedies. On July 30, 2013, the court found the petition successive, denied the motion to stay as moot, and stayed this action to permit petitioner to seek leave from the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) to proceed. (ECF No. 4.) Petitioner was ordered to file a motion to lift the stay within ten days of the Ninth Circuit's grant of leave to do so.

On October 30, 2015, the court ordered petitioner to inform the court about the status of his request to the Ninth Circuit and whether petitioner wished to proceed with this action. (ECF No. 7.) In his November 3, 2015 response, petitioner stated that he wished to proceed with this action and asked the court to continue the stay to permit him to continue to exhaust his state

////

remedies.  (ECF No. 8.)  Petitioner did not explain whether or not he had sought leave from the Ninth Circuit to proceed with this successive petition.

Petitioner has also filed a motion to substitute counsel.  (ECF No. 11.)  Pursuant to Local Rule 182(g), that request will be granted.

Except for the motion to substitute counsel, petitioner has not filed anything since his November 2015 response to the court's October 2015 order.

Before a petitioner files a successive petition for a writ of habeas corpus, they "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. §2244(b)(3)(A).  A district court lacks jurisdiction to entertain a second or successive petition until petitioner receives authorization from the court of appeals.  Burton v. Stewart, 549 U.S. 147, 157 (2007). "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it."  Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018).

District courts in this circuit have held that they lack jurisdiction to even stay a successive petition prior to an order from the Court of Appeals permitting the petitioner to file the petition. See Steele v. Koenig, No. ED CV 21-864 ODW (MRW), 2021 WL 3603169, at *2 (C.D. Cal. Aug. 13, 2021); Miller v. Fisher, Nos. SACV 16-0286 RGK (SS), SACV 16-0975 RGK (SS), 2016 WL 3982333, at *4 (C.D. Cal. July 1, 2016), rep. and reco. adopted, 2016 WL 3982306 (C.D. Cal. July 22, 2016); Williamson v. Horel, No. CIV S 07-1866 JAM DAD P, 2008 WL 3850806, at *4 n.2 (E.D. Cal. Aug. 15, 2008), rep. and reco. adopted, No. CIV S 07-1866 JAM DAD P (E.D. Cal. Oct. 2, 2008); Cousin v. Ramos, CV-07-1153-PHX-ROS, 2007 WL 3231968, at *3 (D. Ariz. Oct. 31, 2007) ("Although Petitioner requests that the Court stay this matter while he now seeks the proper authorization from the Ninth Circuit, Petitioner was statutorily required to take this step before filing his petition in this Court and he is not entitled to a stay because the Court lacks jurisdiction over this action.").

Petitioner in the present case has failed to show that he obtained permission from the Ninth Circuit to proceed with this successive habeas petition.  Petitioner will be ordered to show cause why this case should not be dismissed for lack of jurisdiction.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's request to substitute counsel (ECF No. 11) is approved. The Clerk of the Court is directed to amend the docket to reflect that attorney Charles Carbone is substituted as sole counsel for petitioner.
2. Within thirty days of the date of this order, petitioner shall show cause why this case should not be dismissed for lack of jurisdiction.

Dated: September 16, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE